UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORWERT HILLS, SR. AND<br>BEVERLY HILLS | CIVIL ACTION |
| VERSUS | NO: 04-2659 |
| FANUC ROBOTICS AMERICA, INC.,<br>SMARTSCAN, INC., WINN-DIXIE<br>OF LOUISIANA, INC., WINN-DIXIE<br>STORES, INC., TOYE CORKEN AND<br>MARK MAZZERELLI | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion *In Limine* (Doc. #125) is **GRANTED** as to evidence of Mr. Hills' workers' compensation and social security disability benefits, evidence of Winn-Dixie Louisiana, Inc., Winn-Dixie Stores, Inc., and Mr. Hills' co-employees inclusion as defendants and evidence regarding Fanuc Robotics America, Inc. and Fanuc Ltd. inclusion as defendants and plaintiffs' settlement therewith, and **DENIED**.

**IT IS FURTHER ORDERED** that the Motion *In Limine* to Exclude the Testimony of Stephen A. Killingsworth (Doc. #127) filed by defendants, Thiele Techonologies, Inc. and Sanger Works Factory, Inc., is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion *In Limine* to Exclude the Testimony of Stephen A. Killingsworth (Doc. #144) filed by defendant, Smartscan, Inc., is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. #167) is **GRANTED**, provided that plaintiffs' settlement with Thiele Technologies, Inc. is finalized and Thiele Technologies, Inc. is dismissed as a party to this litigation before trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash (Doc. #168) is **DENIED**, and the parties are to conduct the deposition of Ronald Potter as scheduled on March 9, 2010, or at another mutually convenient time, but no later than March 31, 2010.

**IT IS FURTHER ORDERED** that the discovery deadline of March 15, 2010, is hereby extended until March 31, 2010, to permit the deposition of Ronald Potter.

## BACKGROUND

This matter comes before the court on a motion *in limine* filed by plaintiffs and a motion *in limine* filed by the remaining defendants, Thiele Technologies, Inc. ("Thiele"), Sanger Works Factory, Inc., and Smartscan, Inc ("Smartscan").[1] Plaintiffs seek to exclude from the trial of this matter the testimony of Bruce Neal, evidence of Mr. Hills' workers' compensation and social security disability benefits, evidence that Winn-Dixie Louisiana, Inc. ("Winn-Dixie Louisiana"), Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") (collectively, "Winn-Dixie"), and Mr. Hills' co-employees were defendants to this action, and evidence that Fanuc Robotics America, Inc. and Fanuc Ltd. ( collectively "Fanuc Robotics") were defendants to this action and plaintiffs' settlement

---

[1] The parties have represented that settlement has been reached with all defendants except Smartscan.

with them. Defendants seek to exclude testimony of plaintiffs' purported expert engineer, Stephen A. Killingsworth.

Plaintiff, Norwert Hills, was employed by Winn-Dixie Stores. On August 13, 2003, Mr. Hills was using a robot manufactured by Fanuc Robotics to stack crates of milk onto wooden pallets at a Winn-Dixie facility in Hammond, Louisiana. Some of the crates became misaligned. Mr. Hills pressed the "hold" button on the robot and proceeded through the safety light curtain to reposition the crates. While he did so, the robot suddenly moved, pinning Mr. Hills and crushing him. Plaintiffs filed the instant suit seeking damages for the injuries Mr. Hills sustained as a result of the accident.

## ANALYSIS

**1.     Plaintiffs' Motion *In Limine***

Plaintiffs filed a motion *in limine* seeking to exclude from the trial of this matter the testimony of Bruce Neal, evidence of Mr. Hills' workers' compensation and social security disability benefits, evidence that Winn-Dixie and Mr. Hills' co-employees were defendants to this action, and evidence of plaintiffs' settlement with Fanuc Robotics.

**A.     Testimony of Bruce Neal**

Plaintiffs seek to exclude the testimony of Mr. Hills' treating physical therapist Bruce Neal. Plaintiffs argue that Mr. Neal's testimony should be excluded because, due to defendants' scheduling error, plaintiffs' counsel did not attend Mr. Neal's deposition. Plaintiffs contend that defense counsel failed to include plaintiffs' counsel's paralegal on the email notification of Mr.

3

Neal's deposition, which resulted in the deposition not being on plaintiffs' counsel's calendar and their not attending Mr. Neal's deposition.

Defendants point out that plaintiffs' counsel received the email notification of the deposition. Also, plaintiffs' counsel participated in a telephone conference during which the deposition date was chosen.

Rule 30 of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." It is undisputed that plaintiffs' counsel received email the notification of Mr. Neal's deposition and participated in selecting the deposition date. This constitutes reasonable notice. Further, it appears that plaintiffs' counsel chose not to re-depose Mr. Neal. As a result, plaintiffs' motion *in limine* as to Mr. Neal's testimony is DENIED.

**B.     Mr. Hills' Workers' Compensation and Social Security Disability Benefits**

Plaintiffs seeks to exclude evidence of Mr. Hills' workers' compensation and social security disability benefits. Plaintiffs argue that the fact that Mr. Hills received workers' compensation and social security disability benefits and the amount thereof should be excluded pursuant to the collateral source rule, because any recovery cannot be reduced by the amount of such payments.

Defendants argue that evidence of Mr. Hills' workers' compensation benefits is relevant to this matter because Winn-Dixie Louisiana intervened in the lawsuit seeking reimbursement from plaintiffs for any workers' compensation and medical payments it has made to Mr. Hills. Defendants also argue that evidence of Mr. Hills' workers' compensation payments is relevant to the issues of Mr. Hills' lack of motivation to return to work and his failure to mitigate his damages

by not receiving certain treatment that would be covered by workers' compensation. Defendants argue that the court should rule on objections to the introduction of evidence concerning Mr. Hills' workers' compensation payments as they arise, weighing the prejudice against the probative value, depending on the circumstances for which the evidence is being offered.

"Under the collateral source rule, a tortfeasor may not benefit and an injured plaintiff's tort recovery may not be reduced because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. Louisiana Dept. of Transp. and Dev. v. Kansas, 846 So.2d 734, 739 (La. 2003). "Several public policy concerns support the collateral source rule." Id. The defendant should not gain an advantage from benefits provided to the plaintiff independently, and the collateral source rule promotes tort deterrence and accident prevention. Id. "[T]he focus of the collateral source rule is that a tortfeasor should not be allowed to benefit from the victim's foresight and prudence in securing insurance and other benefits." Id. at 744.

Evidence of Mr. Hills' workers' compensation benefits may be relevant to Winn-Dixie's claim for reimbursement. However the parties will stipulate to the amount Winn-Dixie paid to Mr. Hills in workers' compensation benefits and that Winn-Dixie is entitled to recover that amount. It is not an issue for the jury. Further, evidence of Mr. Hills' social security disability benefits is not relevant pursuant to the collateral source rule. Therefore, plaintiffs' motion *in limine* is GRANTED and evidence of Mr. Hills' workers' compensation and social security disability benefits will be excluded.

### C. Winn-Dixie and Mr. Hills' Co-Employees as Defendants

Plaintiffs seek to exclude evidence that Winn-Dixie and Mr. Hills' co-employees were defendants to this action under an intentional tort theory of liability.[2] Plaintiffs argue that such evidence is more prejudicial than probative, and that it would confuse the jury.

Defendants argue that evidence of the roles of Winn-Dixie and their employees is relevant to this litigation. Defendants contend that such evidence is necessary for them to present complete defenses. Specifically, defendants argue that evidence of the allegations in the petition are relevant to impeach Mr. Hills if he seeks to minimize the issue of deficient instructions given by Winn-Dixie. Whether Mr. Hills was given deficient instructions, and whether a Winn-Dixie employee disabled the safety curtain, go to the issue of fault. Defendants also argue that the jury must be able to understand theories of negligence and the parties' roles.

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relexant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Allegations in pleadings are not evidence. In re Grand Jury Subpoena, 419 F.3d 329, 336 (5th Cir. 2005).

---

[2] The court previously found that the actions of Mr. Hills' co-employees did not rise to the level of an intentional tort.

In their petition, plaintiffs' allege that Winn-Dixie and/or its employees committed an intentional tort that resulted in Mr. Hills' injuries. Specifically, plaintiffs allege that one of Mr. Hills' co-employees instructed him not to press the emergency stop button on the robot because it would necessitate the entire machine being reset, but instead to press the hold button if Mr. Hills needed to approach the robot. Further, Mr. Hills alleges that one of his co-employees disabled the safety light curtain.

The fact that Winn-Dixie and Mr. Hills' co-employees were defendants to this action under an intentional tort theory is not relevant. However, *evidence* of Winn-Dixie and Mr. Hills' co-employees' roles in the accident is relevant. Therefore, plaintiffs' motion *in limine* is GRANTED and evidence that Winn-Dixie and Mr. Hills' co-employees were defendants to this action will be excluded. However, facts concerning the roles of Winn-Dixie and its employees will not be excluded.

### D. Fanuc Robotics and Settlement Therewith

Plaintiffs seek to exclude evidence that Fanuc Robotics was a party to this action and that plaintiffs have settled with Fanuc Robotics. Plaintiffs argue that evidence that Fanuc Robotics was a party is not relevant to the remaining parties and is prejudicial because it may confuse the jury. Further, plaintiffs argue that evidence of their settlement with Fanuc Robotics is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

Defendants argue that evidence that Fanuc Robotics was a defendant and the fact that plaintiffs' settled with Fanuc Robotics is relevant because it shows that plaintiffs can no longer recover from Fanuc Robotics, and why plaintiffs may not want to apportion any fault to Fanuc

7

Robotics. Defendants argue that the court should rule on objections to the introduction of evidence concerning plaintiffs' settlement with Fanuc Robotics, weighing the prejudice against the probative value, in light of the circumstances under which the evidence is being offered.

Rule 408 of the Federal Rules of Evidence provides that evidence of settlement or statements made during settlement negotiations are not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through prior inconsistent statement or contradiction." However, such evidence is admissible if it is offered for a purpose not otherwise prohibited, and examples of permissible use include proving a witness's bias or prejudice. FED. R. EVID. 408.

The fact that Fanuc Robotics was a defendant in this matter is not relevant to the issue of the remaining defendants' liability. However, *evidence* of Fanuc Robotics' role in the accident is relevant. Further, any mentions of plaintiffs' settlement with Fanuc Robotics would tend to demonstrate liability on the part of Fanuc Robotics, which is impermissible under Rule 408. That issue is for the jury to decide, based on all available and admissible evidence, the amount of liability, if any, that is attributable to the remaining defendants. Evidence that plaintiffs settled with one defendant may prejudice the jury when considering the apportionment of any fault. Therefore, plaintiffs' motion *in limine* is GRANTED as to mention of Fanuc Robotics' status as a defendant and plaintiffs' settlement with them, but DENIED as to Fanuc Robotics' role in the accident.

**2.    Defendants' Motion *In Limine***

Defendants filed a motion *in limine* seeking to exclude the testimony of plaintiffs' purported engineering expert, Stephen A. Killingsworth. Defendants argue that Mr. Killingsworth's testimony

should be excluded because he does not have experience in robotics. Further, defendants argue that Mr. Killingsworth does not cite industry or technical standards to support his opinions, and he has not tested the light curtains about which he opines.

Plaintiffs oppose the motion arguing that Mr. Killingsworth is a licensed mechanical engineer with over thirty years of professional experience. Plaintiffs also argue that Mr. Killingsworth's opinions are based upon his extensive education, experience and training as an engineer, and are supported by scholarly sources and his review of the listed documents, all of which are described at the beginning of his report. Further, plaintiffs argue that defendants' concerns can be appropriately addressed by vigorous cross examination.

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. Gen. Elec. Co. v. Joiner, 118 S.Ct. 512, 515 (1997). Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct. 2786, 2795 (1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." To perform its gatekeeping function, the court must first determine whether the proffered expert testimony is

reliable. The party offering the testimony bares the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 113 S.Ct. at 2796. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 2795. Next, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, i.e. whether it is relevant. See id. at 2795-96.

Rule 702 also requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. Rushing v. Kansas City S. Ry. Co., 185 F.3d 496 (5th Cir. 1999). A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications, rather "a lack of specialization does not affect the admissibility of the opinion, but only its weight." Wright v. John Deere Co., 935 F.2d 1090, 1100 (10th Cir. 1991).

Mr. Killingsworth's testimony is reliable and relevant. Mr. Killingsworth provides opinions that are based upon his experience, review of the documents, and a review of professional publications. The extent to which documents and publications support each of Mr. Killingsworths' opinions can be brought out on cross-examination. Also, Mr. Killingsworth's testimony is relevant because it will assist the jury in understanding the complex engineering issues presented in this case. Finally, Mr. Killingworth's *curriculum vitae* shows that he is qualified to testify as an expert

engineer. He has a master's degree in mechanical and structural engineering, has worked as an engineering professor, and has over thirty years of experience as a professional engineer. His purported lack of specialization in robotics goes to the weight, not the admissibility, of his testimony. In sum, defendants' concerns can be addressed by cross-examination, and defendants' motion *in limine* is denied.

**3.     Plaintiffs' Motion to Strike and Motion to Quash**

Plaintiffs moved to strike Smartscan's untimely addition of Ronald Potter to its witness list and to quash the deposition of Mr. Potter that was unilaterally noticed by Smartscan to occur on March 9, 2010. Plaintiffs contend that Mr. Potter was listed as an expert witness by Thiele, and that as part of their settlement with them, Thiele agreed that Mr. Potter will not testify by deposition or at trial and cannot be hired by any non-settling party.

Smartscan argues that it should be permitted to depose Mr. Potter because Thiele is still a party to this litigation and it has a right to depose another party's witnesses. Smartsan also argues that it is possible that the settlement between plaintiffs and Thiele may not be completed and that Mr. Potter will be called by Thiele to testify at trial. Further, Smartscan argues that plaintiffs are not prejudiced by Smartscan's addition of Mr. Potter to its witness list because he is listed on plaintiffs' witness list for cross-examination and Thiele's witness list. Additionally, Smartscan's original witness list designates that Smartscan may call any expert retained by another party in this matter.

Rule 30 of the Federal Rules of Civil Procedure provides that a party may depose any person without leave of court and may subpoena the deponent's attendance. Smartscan and Thiele are both parties to this litigation. Thiele has listed Mr. Potter as an expert witness. Plaintiffs' settlement with

Thiele is not finalized, and in the event that it is not, Mr. Potter may be called at trial. Therefore, Smartscan has a right to take his deposition, which cannot be compromised by plaintiffs' purported settlement with Thiele, and plaintiffs' motion to quash is DENIED.

However, plaintiffs have represented that as a part of their settlement with Thiele, they have agreed that Mr. Potter will not testify and cannot be retained as an expert witness by a co-defendant in this litigation. The law generally encourages settlements of lawsuits. In re Corrugated Container Antitrust Litig., 643 F.2d 195, 212 (5th Cir. 1981) (citing Florida Trailer & Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960)). Because the courts favor settlement and it is presumed that the parties entering into settlement agreements have consulted their own interests, settlement agreements should not be taken lightly or interfered with or impeached. Cia Anon Venezolana De Navigacion v. Harris, 374 F.2d 33 (5th Cir. 1976).

In light of this policy, the court finds that the parties may include the availability of an expert witness as part of a settlement negotiation. Plaintiffs and Thiele purportedly agreed that no co-defendant could hire Mr. Potter as an expert. Therefore, plaintiffs' motion to strike Mr. Potter from Smartscan's witness list is GRANTED, provided that plaintiffs' settlement with Thiele is finalized and Thiele is dismissed as a defendant prior to trial.[3]

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion *In Limine* (Doc. #125) is **GRANTED** as to evidence of Mr. Hills' workers' compensation and social security disability

---

[3] If Thiele is dismissed as a defendant prior to trial, Smartscan's catch-all witness designation of "[a]ny expert retained by any party" will not cover Mr. Potter because Thiele will no longer be a party.

benefits, evidence of Winn-Dixie Louisiana, Inc., Winn-Dixie Stores, Inc., and Mr. Hills' co-employees inclusion as defendants and evidence regarding Fanuc Robotics America, Inc. and Fanuc Ltd. inclusion as defendants and plaintiffs' settlement therewith, and **DENIED**.

**IT IS FURTHER ORDERED** that the Motion *In Limine* to Exclude the Testimony of Stephen A. Killingsworth (Doc. #127) filed by defendants, Thiele Techonologies, Inc. and Sanger Works Factory, Inc., is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion *In Limine* to Exclude the Testimony of Stephen A. Killingsworth (Doc. #144) filed by defendant, Smartscan, Inc., is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. #167) is **GRANTED**, provided that plaintiffs' settlement with Thiele Technologies, Inc. is finalized and Thiele Technologies, Inc. is dismissed as a party to this litigation before trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash (Doc. #168) is **DENIED**, and the parties are to conduct the deposition of Ronald Potter as scheduled on March 9, 2010, or at another mutually convenient time.

**IT IS FURTHER ORDERED** that the discovery deadline of March 15, 2010, is hereby extended until March 31, 2010, to permit the deposition of Ronald Potter.

New Orleans, Louisiana, this __5th__ day of March, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**